IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY – CAMDEN VISCINAGE

| | |
|---|---|
| SKULL SHAVER, LLC<br><br>Plaintiff,<br><br>v.<br><br>MY FREE BIRD,<br><br>Defendant. | No. _____<br><br>VERIFIED COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Skull Shaver, LLC ("Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint against Defendant My Free Bird and in support thereof says:

PARTIES

1.  Plaintiff Skull Shaver, LLC is a limited liability company of New Jersey, having its principle place of business at 1503 Glen Avenue, Suite 601, Moorestown, NJ 08057.

2.  Defendant My Free Bird ("Defendant") is, upon information and belief, a corporate entity organized under the laws of Pennsylvania, located at 1100 Cranbury S River Rd., Monroe Township, NJ 08831.

NATURE OF ACTION

3.  This Complaint seeks injunctive relief and damages for false advertising by Defendant. Defendant has unlawfully made false representations of fact in its advertising and promotion about its own electric head shaver and about Plaintiff's patented electric head shaver, in violation of Section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)) and state law. Reasonable consumers have been and will be misled and

1

deceived by these false representations. Plaintiffs, competitors of Defendant, has lost customers and revenue due to the unlawful actions of Defendant.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant. Defendant's acts of false advertising were committed within the jurisdiction of this Court. Defendant has disseminated its false advertisements to consumers residing in New Jersey. Defendant has engaged in substantial activity within New Jersey and this judicial district and has had substantial contacts there, having purposefully availed itself of the privilege of conducting activities in the forum. Defendant has caused injury to Plaintiff within New Jersey and within this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendant may be found or transacts business in this district and a substantial part of the events giving rise to Plaintiff's claims occurred and are continuing to occur in this district.

## STATEMENT OF FACTS

8. The market for electric head shavers in the United States is a multi-million-dollar industry, spurred by tremendous consumer demand.

9. Plaintiff and Defendant compete in the market for electric head shavers.

10. Plaintiff has manufactured and sold patented electric head shavers for over 12 years.

11. Defendant sells electric head shavers also.

**Defendant's Wrongful Conduct**

12. In connection with the promotion of its products, Defendant has made several false or misleading representations of fact about its own products and those of Plaintiff.

13. Defendant has distributed a commercial video on the Internet and Social Media, including Facebook, that makes false or misleading statements about Plaintiff, including the following specific statements:

    a. That Skull Shaver cost $100 to $600
    b. Free Bird has more 5-star reviews than Skull Shaver
    c. Over 500,000 customers have switched from Skull Shaver to Free Bird

14. The claims listed above about Plaintiff's electric head shavers are false and/or misleading and reasonable consumers would find them to be false and/or misleading.

15. The electric head shaver industry is growing rapidly but Plaintiff's sales trend has declined markedly since Defendant began disseminating its false and misleading statements.

16. Defendant's false advertising has irreparably harmed Plaintiff's reputation, caused lost sales for Plaintiff, and caused Plaintiff to incur high costs to compete with Defendant's falsely-advertised products.

17. Plaintiff has been damaged by the reliance of distributors and consumers on Defendant's false, misleading and disparaging statements about Plaintiff's products.

18. On an ongoing basis, Defendant is using false advertising willfully and intentionally to siphon off Plaintiff's market share in the lucrative market for electric head

shavers. Defendant's misconduct has cost and is costing Plaintiffs substantial sums in lost revenue.

## **COUNT I**
(FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B))

19. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

20. As its first ground for relief, Plaintiff hereby alleges that Defendant has violated Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

21. Defendant's advertising in connection with its products, as set forth above, its use in commercial advertising or promotion of literally false and/or misleading descriptions of fact that misrepresent the characteristics and qualities of Plaintiffs' goods and Defendant's goods in violation of 15 U.S.C. § 1125(a)(1)(B). Defendant's false and misleading advertising and promotion occurred in interstate commerce.

22. Defendant's claims that its products are cheaper, better reviewed and selling more than those of Plaintiff are literally false and/or misleading. Defendant specifically, and falsely, stated that over 500,000 have switched from Skull Shaver to My Free Bird.

23. These literally false and/or misleading descriptions of fact actually deceived or tended to deceive a substantial number of reasonable consumers of electric head shavers. Defendant's false claims effect consumers in deciding whether to purchase Plaintiff's products. In addition, these literally false and/or misleading descriptions of fact continue to actually deceive or tend to deceive a substantial number of reasonable consumers of electric head shaver and continue to be material to consumers' purchasing decisions.

24. On information and belief, Defendant's acts of false advertising described herein were intended to cause and did in fact cause deception of the public, misleading

prospective purchasers as to the true characteristics and qualities of Defendant's and Plaintiffs' products.

25. As a proximate result of Defendant's acts described above, Plaintiff has suffered and will continue to suffer irreparable harm in the form of damage and injury to their business, reputation, and goodwill. Plaintiff will continue to sustain serious loss of revenues, profits, and market share unless Defendant is preliminarily and permanently restrained and enjoined by the Court from further false advertising.

## COUNT II
(NEW JERSEY FALSE ADVERTISING)

26. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

27. As their second ground for relief, Plaintiffs hereby allege that Defendant has violated the New Jersey law regarding false advertising.

28. Plaintiffs have no adequate remedy at law for the damages caused thereby.

**REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully request that this Court:

A. Grant a preliminary injunction and thereafter a permanent injunction restraining and enjoining Defendant and its officers, directors, agents, servants, employees, successors, assigns and attorneys, as well as all of those in active concert or participation with any of them, from:

    1. Using any false or misleading representation or description that can or is likely to misrepresent to the trade or public, or individual members thereof, the characteristics or qualities of any product or service advertised, promoted, offered

or sold by Defendant, including but not limited to descriptions on or in point of purchase advertising, television commercials, radio commercials, print advertising, social media, and websites;

2. In particular, making claims that Defendant's product is better reviewed than those of Plaintiff, or that it is taking Plaintiff's market share;

3. Using any false or misleading representation or description that can or is likely to misrepresent to the trade or public, or individual members thereof, the characteristics or qualities of any product or service advertised, promoted, offered or sold by Plaintiff, including but not limited to descriptions on or in point of purchase advertising, television commercials, radio commercials, print advertising, social media, and websites;

4. In particular, making claims that Plaintiff's products does not sell for less than $100 or as high as $600; and

5. Engaging in any other activity constituting unfair competition with Plaintiff;

B. Find that Defendant has disseminated false and/or misleading representations of fact in commercial advertising or promotion in violation of 15 U.S.C. § 1125(a)(1)(B) and find that Defendant has competed unfairly in violation of federal and New Jersey law;

C. Order deletion of all false advertising, and require Defendant to issue notices (written or otherwise) to that effect to all current distributors and retailers of its products and all distributors with whom Defendant has done business in the past twelve months;

D. Order Defendant to file with the Court and serve on Plaintiff within thirty days after issuance of an injunction a report in writing and under oath setting forth in detail the

manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116;

E. Order Defendant to disseminate corrective advertising at Defendant's expense that informs consumers, the trade, and the public at large of Defendant's unlawful conduct as complained of herein and of the judgment requiring Defendant to cease such unlawful conduct, and/or order Defendant to pay Plaintiff's costs in producing and disseminating such corrective advertising;

F. Issue an Order awarding Plaintiff monetary relief from Defendant in an amount to be fixed by the Court in its discretion as just, including:

    1. All profits received by Defendant from sales and revenues of any kind made as a result of its unlawful actions, this amount to be trebled;

    2. All damages sustained by Plaintiffs as a result of Defendant's actions, this amount to be trebled;

    3. The costs of the action; and

    4. All reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendant's deliberate and willful false advertising; and

G. Grant Plaintiffs all other relief to which Plaintiffs are entitled and such other or additional relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all issues so triable.

Dated: September 28, 2024

Respectfully submitted,

*/s/                          Ahmed Soliman*
Ahmed M. Soliman, Esq
Soliman & Associates, PC
923 Haddonfield Road, Ste. 300
Cherry Hill, NJ 08002
Tel: (856) 324-8313/Fax: (856) 324-9080
E-mail: *soliman@solimanlegal.com*
Attorney for Plaintiff